HARDAWAY v WAYNE COUNTY

Docket No. 300079. Submitted January 11, 2012, at Detroit. Decided
    October 30, 2012, at 9:00 a.m. Reversed, 494 Mich ___.
  Hurticene Hardaway brought an action in the Wayne Circuit Court
    seeking lifetime retirement benefits pursuant to Wayne County
    Commission Resolution No. 94-903, which granted extended ben-
    efits to certain classes of former employees. Plaintiff had been
    appointed and served as a principal attorney in defendant's office
    of corporation counsel, a position that was not subject to confir-
    mation by the Wayne County Commission. The court, Michael F.
    Sapala, J., granted summary disposition to defendant on the
    ground that plaintiff was not entitled to receive extended benefits
    under the resolution because her appointment had not been
    confirmed by the commission. Plaintiff appealed.

      The Court of Appeals held:

      1. The trial court erred by granting defendant summary dis-
    position. Resolution No. 94-903 provided that a person who was
    separated from county employment after January 1, 1994, with at
    least eight years of service and who had served as "an appointee
    other than a member of a board or commission who is confirmed
    by the County Commission pursuant to Section 3.115(4) of the
    Wayne County Charter" was entitled to the same insurance and
    healthcare benefits as a retiree from the county's defined benefit
    plan. This provision is ambiguous because it could be read either to
    provide benefits to an appointee who was confirmed by the county
    commission but was not a member of a board or commission or to
    provide benefits to any appointee, whether confirmed or not, as
    long as that appointee was not confirmed by the commission to
    membership of a board or commission. Under the last-antecedent
    rule of statutory construction, a modifying or restrictive word or
    clause contained in a statute is confined solely to the immediately
    preceding clause or last antecedent unless something in the
    statute requires a different interpretation. Accordingly, the modi-
    fying phrase "who is confirmed by the County Commission pur-
    suant to Section 3.115(4) of the Wayne County Charter" applied to
    the immediately preceding clause. Therefore, because plaintiff was
    an appointee and had not been confirmed by the commission to

membership of a board or commission and met the other conditions for receiving benefits under this provision, she was entitled to summary disposition in her favor.

2. Defendant was entitled to summary disposition of plaintiff's claim for breach of contract. Under Michigan law, there is a strong presumption that statutes do not create contractual rights. Because Resolution No. 94-903 contains no language indicating that the county commission intended to form a contract, plaintiff failed to overcome the strong presumption that this provision did not create contractual rights.

3. Defendant was entitled to summary disposition of plaintiff's claim for promissory estoppel. Promissory estoppel requires (1) a promise (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee and (3) that, in fact, produced reliance or forbearance of that nature (4) in circumstances requiring enforcement of the promise if injustice is to be avoided. Plaintiff claimed that her continued employment after the promise was made was sufficient to constitute the detrimental reliance to support her claim; however, the mere continuing of a prior employer-employee relationship does not support a claim of promissory estoppel.

Reversed and remanded.

Hurticene Hardaway *in propria persona.*

*Bruce A. Campbell,* Assistant Corporation Counsel, for Wayne County.

Before: JANSEN, P.J., and WILDER and K. F. KELLY, JJ.

WILDER, J. Plaintiff, Hurticene Hardaway, appeals as of right an order granting summary disposition in favor of defendant, Wayne County. Plaintiff was seeking certain lifetime retirement benefits. We reverse and remand.

In March 1990, plaintiff was appointed to work as a principal attorney in the Office of Corporation Counsel for defendant.[1] Plaintiff's employment ended more than 13 years later in 2003. On December 15, 1994, the Wayne

---

[1] Notably, plaintiff's appointment was not subject to confirmation by the Wayne County Commission.

County Commission adopted Resolution No. 94-903, which amended Resolution No. 93-742 to provide in pertinent part:

> 2. If a person is separated from the County after January 1, 1994, with at least a total of eight years of County service, and has served as an elected Executive Officer, the Deputy Executive Officer, or an Assistant Executive Officer of the County, or as a County Commissioner, or as an appointed department head or deputy department head, or an appointee other than a member of a board or commission who is confirmed by the County Commission pursuant to Section 3.115(4) of the Wayne County Charter, or as an appointed Chief of Staff for an elected official or legislative body pursuant to an organizational plan, or the appointed head of one of the support divisions of the County Commission, that person shall be entitled to the same insurance and health care benefits for himself or herself, his or her spouse and dependents, as a retiree from the Defined Benefit Plan 1.

Section 3.115(4) of the Wayne County Charter provides that the county commission may "[a]pprove or reject appointments by the [chief executive officer (CEO)] of [sic] the Deputy CEO, department heads, their deputy directors, and members of boards and commissions in accordance with Article IV." And article IV of the charter deals with the executive branch of the county government. Section 4.385(1) of article IV authorizes the CEO to appoint, with the approval of the majority of the county commission, the following: "[t]he Deputy CEO, directors, deputy directors, members of boards and commissions, representatives of the County on intergovernmental bodies, and all other officials or representatives not in the classified service[.]"

After plaintiff left her employment with the county, on three occasions she submitted requests to the director of personnel and human resources for the extended

benefits described above. The director denied the first two requests and did not respond to the last one.

On May 1, 2009, plaintiff, seeking the extended retirement benefits, filed a complaint for declaratory judgment, breach of contract, and promissory estoppel. Defendant filed an answer on May 28, 2009, denying that plaintiff was entitled to the benefits. On July 9, 2010, plaintiff moved for summary disposition.[2] After conducting a hearing on the motion, the circuit court denied plaintiff's motion and instead awarded summary disposition in favor of defendant.[3] The circuit court concluded:

> Plaintiff is not included in the class of persons eligible to receive additional benefits. It is not disputed that Plaintiff was appointed to her position as a Principal Attorney, but was not a department head, director or executive officer. Moreover, Plaintiff does not dispute that her appointment was not confirmed [by] the County Commission. Accordingly, she is excluded from receiving additional benefits.
>
> *   *   *
>
> The clear language of the resolution states that it applies to an appointee who is confirmed by the County Commission. The court respectfully disagrees with Plaintiff's interpretation and finds that the resolution is unambiguous and does not include appointees who were not confirmed by the Commission. Based on the language of the resolution, Plaintiff is not entitled to receive extended benefits.

---

[2] For reasons unknown, plaintiff's motion for summary disposition and defendant's response are missing from the lower court record.

[3] The trial court did not cite any authority for granting summary disposition in favor of defendant but apparently relied on MCR 2.116(I)(2), which allows a court to "render judgment in favor of the opposing party" if it appears that the opposing party is entitled to judgment.

I. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Woodman v Kera LLC*, 486 Mich 228, 236; 785 NW2d 1 (2010). The motion is properly granted if the evidence fails to establish a genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Michalski v Bar-Levav*, 463 Mich 723, 730; 625 NW2d 754 (2001). This issue also involves the interpretation of a county resolution, which, as with the interpretation of a statute, is a question of law that is reviewed de novo. *46th Circuit Trial Court v Crawford Co*, 476 Mich 131, 140; 719 NW2d 553 (2006).

The primary goal of judicial interpretation is to ascertain and give effect to the intent of the legislative body that created the language. *Kessler v Kessler*, 295 Mich App 54, 60; 811 NW2d 39 (2011). The first factor in determining legislative intent is the specific language of the legislation. *Capitol Props Group, LLC v 1247 Center Street, LLC*, 283 Mich App 422, 434; 770 NW2d 105 (2009). "The language of a statute must be accorded its plain and ordinary meaning." *Kessler*, 295 Mich App at 59-60. "When a statute's language is clear and unambiguous, judicial construction or interpretation is not necessary or permissible . . . ." *PIC Maintenance, Inc v Dep't of Treasury*, 293 Mich App 403, 408; 809 NW2d 669 (2011). But when a statute is ambiguous, judicial construction is permitted. *Id.* at 409. A statute is ambiguous when it irreconcilably conflicts with another provision or is equally susceptible to more than a single meaning. *Lansing Mayor v Pub Serv Comm*, 470 Mich 154, 166; 680 NW2d 840 (2004). Furthermore, any construction that would render any part of the resolution surplusage or nugatory should be avoided. See *Duffy*

*v Dep't of Natural Resources*, 490 Mich 198, 215; 805
NW2d 399 (2011) (giving this standard in the context
of construing statutes).

II. ANALYSIS

Plaintiff argues that the trial court erred when it
denied her motion for summary disposition and granted
summary disposition in favor of defendant. Specifically,
plaintiff contends that she is eligible, under the lan-
guage of Resolution No. 94-903, for the listed extended
benefits. We agree.

An employee must meet three conditions in order to
qualify for insurance and health care benefits under
Resolution No. 94-903:

> (1) The employee must have separated from employ-
> ment with the county after January 1, 1994.

> (2) The employee must have had at least a total of eight
> years of county service.

> (3) The employee must have served as one of the
> following:

> (a) An elected executive officer.

> (b) The deputy executive officer.

> (c) An assistant executive officer of the county.

> (d) A county commissioner.

> (e) An appointed department head or deputy depart-
> ment head.

> (f) An appointee other than a member of a board or
> commission who is confirmed by the county commission
> pursuant to section 3.115(4) of the Wayne County Charter.

> (g) An appointed Chief of Staff for an elected official or
> legislative body pursuant to an organizational plan.

> (h) The appointed head of one of the support divisions of
> the county commission.

The parties do not dispute that plaintiff meets the first two requirements. However, defendant claims that plaintiff does not satisfy any of the conditions for the third requirement, while plaintiff maintains that she was "an appointee other than a member of a board or commission who is confirmed by the County Commission pursuant to Section 3.115(4) of the Wayne County Charter" and that she therefore is entitled to the benefits she seeks. As drafted, the phrase "an appointee other than a member of a board or commission who is confirmed by the County Commission pursuant to Section 3.115(4) of the Wayne County Charter" is equally susceptible to more than one meaning. The phrase could be read to provide benefits to an appointee who was confirmed by the county commission but was not a member of a board or commission, or the phrase could be read to provide benefits to *any* appointee, whether confirmed or not, as long as that appointee was not confirmed by the commission to membership of a board or commission. Given this ambiguity, judicial construction is required to determine from the plain meaning of the text the intent of the Wayne County Commission in adopting this resolution.

"The 'last antecedent' rule of statutory construction provides that a modifying or restrictive word or clause contained in a statute is confined solely to the immediately preceding clause or last antecedent, unless something in the statute requires a different interpretation." *Stanton v Battle Creek*, 466 Mich 611, 616; 647 NW2d 508 (2002). The modifying and restrictive phrase at issue in the instant resolution is the language "who is confirmed by the County Commission pursuant to Section 3.115(4) of the Wayne County Charter." Applying this restrictive phrase to the immediately preceding clause, or last antecedent, we conclude that benefits are

available to appointees as long as they were not confirmed by the county commission to membership of a board or commission.

Because plaintiff was an appointee and was not confirmed by the Wayne County Commission as a member of a board or commission, she is eligible for the benefits she claims. We reject defendant's interpretation that only appointees confirmed by the county commissioners are eligible for benefits because it is inconsistent with the rules of construction applicable to modifying and restricting phrases and, further, because defendant has not shown that anything else in the resolution requires a different interpretation. Although one may question the wisdom of the application of the county's policy in this fashion, courts are tasked only with "the important, but yet limited, duty to read into and interpret what the Legislature has actually made the law." *Lansing Mayor*, 470 Mich at 161. Thus, our sole responsibility is to enforce the resolution as written. See *Shelby Charter Twp v Papesh*, 267 Mich App 92, 107; 704 NW2d 92 (2005). Therefore, the trial court erred when it granted summary disposition in favor of defendant on plaintiff's declaratory judgment claim. Instead, plaintiff was entitled to summary disposition on this claim.

Even though plaintiff does not present any arguments related to her other two claims, breach of contract and promissory estoppel, we briefly will discuss them. We conclude that summary disposition in defendant's favor is appropriate for these two counts.

Plaintiff's breach of contract claim must fail because she failed to show that she has a contract for the asserted benefits. In Michigan, there is a "strong presumption that statutes do not create contractual rights." *Studier v Mich Pub Sch Employees' Retirement Bd*, 472 Mich 642, 661; 698 NW2d 350 (2005). Accord-

ingly, "[i]n order for a statute to form the basis of a contract, the statutory language must be plain and susceptible of no other reasonable construction than that the Legislature intended to be bound to a contract." *Id.* at 662 (citations and quotation marks omitted). Resolution No. 94-903 does not contain any language indicating the county commission's intent to form a contract. Thus, plaintiff has failed to overcome the strong presumption against the creation of any contractual rights, and defendant is entitled to summary disposition on this claim.

Likewise, plaintiff's promissory estoppel claim must fail also. Promissory estoppel requires

> (1) a promise (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee and (3) that, in fact, produced reliance or forbearance of that nature (4) in circumstances requiring enforcement of the promise if injustice is to be avoided. [*Zaremba Equip, Inc v Harco Nat'l Ins Co*, 280 Mich App 16, 41; 761 NW2d 151 (2008).]

Without addressing whether the resolution constitutes a definite and clear promise, we conclude that plaintiff cannot meet the remaining elements. Plaintiff's complaint states that "[i]n reliance on the promise, and to her substantial detriment, Plaintiff performed all that was expected in managing Defendant's business." In other words, plaintiff is claiming that her continued employment after the "promise" was made is sufficient to constitute the detrimental reliance to support her claim. But the mere continuing of that prior employer-employee relationship "cannot support a claim of promissory estoppel." *Marrero v McDonnell Douglas Capital Corp*, 200 Mich App 438, 443; 505 NW2d 275 (1993). Thus, defendant is entitled to summary disposition on plaintiff's promissory estoppel claim.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff, the prevailing party, may tax costs pursuant to MCR 7.219.

JANSEN, P.J., and K. F. KELLY, J., concurred with WILDER, J.