# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.

Reporter of Decisions:
Corbin R. Davis

HARDAWAY v WAYNE COUNTY

Docket No. 146646. Decided July 26, 2013.

Hurticene Hardaway brought an action in the Wayne Circuit Court against Wayne County, seeking a declaratory judgment and claiming breach of contract and promissory estoppel in connection with the denial of additional lifetime retirement benefits granted to certain classes of former employees under Wayne County Commission Resolution No. 94-903. Plaintiff had been appointed and served as a principal attorney in defendant's office of corporation counsel, a position that was not subject to confirmation by the Wayne County Commission. The court, Michael F. Sapala, J., concluded that because it used the language "an appointee other than a member of a board or commission who is confirmed by the County Commission pursuant to Section 3.115(4) of the Wayne County Charter," the portion of the resolution at issue covered appointees who were (1) confirmed by the county commission and (2) not members of a board or commission. Because the county commission had not confirmed plaintiff and she did not otherwise qualify for additional benefits under the resolution, the court granted summary disposition in defendant's favor. Plaintiff appealed. The Court of Appeals, JANSEN, P.J., and WILDER and K. F. KELLY, JJ., reversed, concluding that the resolution was ambiguous because the phrase was equally susceptible of more than one meaning. Applying the last antecedent rule, the Court of Appeals determined that the modifying and restrictive clause "who is confirmed by the County Commission pursuant to Section 3.115(4) of the Wayne County Charter" applied only to the immediately preceding phrase, "other than a member of a board or commission," and thus interpreted the resolution as providing benefits to any appointee, whether confirmed or not, as long as that appointee was not confirmed by the county commission to membership of a board or commission. 298 Mich App 282 (2012). Defendant sought leave to appeal.

In an opinion per curiam signed by Chief Justice YOUNG and Justices MARKMAN, KELLY, ZAHRA, McCORMACK, and VIVIANO, the Supreme Court, in lieu of granting leave to appeal and without oral argument, *held*:

The language of the resolution was not ambiguous and must be applied as written.

1. If the language of a resolution is certain and unambiguous, courts must apply it as written. The resolution's language was not ambiguous. The Wayne County Charter requires that the county commission confirm all members of boards and commissions. Thus, the Court of Appeals' construction took what is grammatically an essential clause and effectively rendered it

a nonessential clause, collapsing the phrase at issue to read "an appointee other than a member of a board or commission." The reading that the circuit court adopted did not suffer in this respect.

2. There were additional indications that the Court of Appeals' construction should be disfavored. All the specific covered positions listed in the resolution were high-level administrative positions, and it thus made sense that the proper reading of the provision concerning appointees at issue in this case would limit its application to only individuals appointed to positions so significant that they require county commission confirmation. Moreover, defendant had never interpreted the language in question as providing benefits to appointees who were not confirmed by the county commission.

3. The last antecedent rule should not be applied if something in the statute (or in this case, resolution) requires a different interpretation than the interpretation that would result from applying the rule. Because the Wayne County Charter requires that the county commission confirm all members of boards and commissions, the Court of Appeals' construction would render the confirmation requirement redundant. Moreover, the last antecedent rule does not mandate a construction based on the shortest antecedent that is grammatically feasible; when applying the last antecedent rule, a court should first consider what the logical metes and bounds of the "last" antecedent are. The last antecedent is the last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence.

Reversed; case remanded to the circuit court for reinstatement of order granting summary disposition in defendant's favor.

Justice CAVANAGH concurred in the result only.

©2013 State of Michigan

# Opinion

Chief Justice:      Justices:
Robert P. Young, Jr.   Michael F. Cavanagh
                  Stephen J. Markman
                  Mary Beth Kelly
                  Brian K. Zahra
                  Bridget M. McCormack
                  David F. Viviano

FILED JULY 26, 2013

STATE OF MICHIGAN

SUPREME COURT

HURTICENE HARDAWAY,

      Plaintiff-Appellee,

v                                        No. 146646

WAYNE COUNTY,

      Defendant-Appellant.

PER CURIAM.

We reverse the judgment of the Court of Appeals because it improperly applied the last antecedent rule. We reinstate the opinion and order of the Wayne Circuit Court that granted summary disposition in favor of defendant.

The facts of this case are not in dispute. In 1994 plaintiff, Hurticene Hardaway, was appointed to the position of "principal attorney" in the Office of Corporation Counsel for defendant, Wayne County. Importantly, her appointment did *not* require confirmation by the Wayne County Commission. Plaintiff served in her position for approximately 13 years. After her employment ended in 2003, plaintiff submitted to the Wayne County Director of Human Resources three successive requests for additional life

and health insurance benefits.  Defendant denied her request.  Plaintiff brought the instant suit, seeking a declaratory judgment and claiming breach of contract and promissory estoppel.

Plaintiff argues she is entitled to additional benefits under Resolution No. 94-903, adopted by the Wayne County Commission in 1994.  The resolution provides in pertinent part:

> 2. If a person is separated from the County after January 1, 1994, with at least a total of eight years of County service, and has served as an elected Executive Officer, the Deputy Executive Officer, or an Assistant Executive Officer of the County, or as a County Commissioner, or as an appointed department head or deputy department head, or *an appointee other than a member of a board or commission who is confirmed by the County Commission pursuant to Section 3.115(4) of the Wayne County Charter*, or as an appointed Chief of Staff for an elected official or legislative body pursuant to an organizational plan, or the appointed head of one of the support divisions of the County Commission, *that person shall be entitled to the same insurance and health care benefits . . . as a retiree from the Defined Benefit Plan 1.*  [Emphasis added.]

The circuit court granted summary disposition for defendant.  The circuit court interpreted the phrase "an appointee other than a member of a board or commission who is confirmed by the County Commission pursuant to Section 3.115(4) of the Wayne County Charter" as covering an appointee who was (1) confirmed by the county commission and (2) not a member of a board or commission.  Because plaintiff, a principal attorney, was not confirmed by the county commission, and because she did not otherwise qualify for additional benefits under the resolution, the circuit court determined that plaintiff was not entitled to the "same insurance and health care benefits . . . as a retiree from the Defined Benefit Plan 1."

2

The Court of Appeals reversed in a published opinion.[1] The Court found the resolution ambiguous because the phrase "who is confirmed by the County Commission pursuant to Section 3.115(4) of the Wayne County Charter" is equally susceptible of more than one meaning.[2] According to the Court of Appeals panel, the phrase could be interpreted as the circuit court read it—as providing benefits to an appointee who was confirmed by the county commission but was not a member of a board or commission— but it could also be interpreted as providing benefits to *any* appointee, whether confirmed or not, as long as that appointee was not confirmed by the commission to membership of a board or commission. Under the latter interpretation (the "any appointee" construction), plaintiff would be entitled to additional benefits as an appointee who was not a member of a board or commission.

The Court of Appeals resolved this alleged ambiguity by resorting to the last antecedent rule, a rule of statutory construction that provides that "a modifying or restrictive word or clause contained in a statute is confined solely to the immediately preceding clause or last antecedent, unless something in the statute requires a different interpretation."[3] Applying the last antecedent rule to the resolution, the Court of Appeals determined that the modifying and restrictive clause—"who is confirmed by the County Commission pursuant to Section 3.115(4) of the Wayne County Charter"—applied only

---

[1] *Hardaway v Wayne Co*, 298 Mich App 282; 827 NW2d 401 (2012).

[2] *Id*. at 288; see also *Lansing Mayor v Pub Serv Comm*, 470 Mich 154, 166; 680 NW2d 840 (2004).

[3] *Stanton v Battle Creek*, 466 Mich 611, 616; 647 NW2d 508 (2002).

3

to the immediately preceding phrase: "other than a member of a board or commission." Thus, the Court of Appeals determined that the last antecedent rule favored the "any appointee" construction. We disagree and reverse.

If the language of the resolution is certain and unambiguous, courts must apply the resolution as written.[4] Here, the resolution's language is not ambiguous.[5] Under the "any appointee" construction, the clause "who is confirmed by the County Commission pursuant to Section 3.115(4) of the Wayne County Charter" modifies the phrase "other than a member of a board or commission." But the Wayne County Charter already requires that *all* members of boards and commissions be confirmed by the county commission.[6] Thus, the "any appointee" construction takes what is grammatically an essential clause—"who is confirmed . . ."—and effectively renders it a nonessential clause. In other words, under the "any appointee" construction, the phrase at issue collapses to "an appointee other than a member of a board or commission." The alternative reading of the statute that the circuit court adopted does not suffer in this respect.

There are additional indications that the "any appointee" construction should be disfavored. To begin with, all the specific covered positions listed in the resolution are high-level administrative positions. It thus makes sense that the proper reading of the

---

[4] See *Turner v Auto Club Ins Assn*, 448 Mich 22, 27; 528 NW2d 681 (1995).

[5] See *Lansing Mayor*, 470 Mich at 166.

[6] Section 4.385 of the Wayne County Charter provides, in relevant part, that "members of boards and commissions . . . shall be appointed by the [chief executive officer] with the approval of a majority of [county commissioners] serving."

4

provision concerning appointees at issue here would limit its application to only individuals appointed to positions so significant that they require county commission confirmation. Further, defendant, on whose behalf the resolution was drafted and enacted and which has applied the resolution for nearly 20 years, has never interpreted the language in question as providing benefits to appointees who were not confirmed by the county commission.[7]

Finally, it bears emphasizing that the last antecedent rule should not be applied blindly. As we have warned before, the last antecedent rule should not be applied if "something in the statute requires a different interpretation" than the one that would result from applying the rule.[8] As explained, because the Wayne County Charter requires *all* members of boards and commissions to be confirmed, the "any appointee" construction would render the confirmation requirement redundant.[9] Moreover, the last antecedent rule does not mandate a construction based on the shortest antecedent that is grammatically feasible; when applying the last antecedent rule, a court should first consider what are the logical metes and bounds of the "last" antecedent.[10]

---

[7] While we recognize that defendant's interpretation of the resolution is not binding on this Court, defendant's 20-year construction of the resolution should be given at least "respectful consideration" and should not be overruled without "cogent reasons." *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 103; 754 NW2d 259 (2008) (quotation marks and citation omitted).

[8] *Stanton*, 466 Mich at 616; see also *Duffy v Dep't of Natural Resources*, 490 Mich 198, 221; 805 NW2d 399 (2011).

[9] See *Duffy*, 490 Mich at 215.

[10] See 2A Singer & Singer, Sutherland Statutory Construction (7th ed), § 47.33, pp 487-489 ("Referential and qualifying words and phrases, where no contrary intention appears,

5

In light of these reasons, we hold that the language "an appointee other than a member of a board or commission who is confirmed by the County Commission pursuant to Section 3.115(4) of the Wayne County Charter" extends additional insurance and healthcare benefits only to appointees who were (1) confirmed by the county commission and (2) not members of a board or commission. Accordingly, the Court of Appeals erred by reversing the circuit court's grant of summary disposition in favor of defendant on plaintiff's declaratory judgment claim. In lieu of granting defendant's application for leave to appeal, we reverse the judgment of the Court of Appeals and remand this case to the circuit court for reinstatement of its order granting summary disposition in favor of defendant.

Robert P. Young, Jr.
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

CAVANAGH, J. I concur in the result only.

refer solely to the last antecedent. The last antecedent is 'the last *word, phrase, or clause* that can be made an antecedent *without impairing the meaning of the sentence*.'") (emphasis added; citation omitted).