# STATE OF MICHIGAN

# COURT OF APPEALS

FREDERICK L. FELDKAMP and JUDITH
FELDKAMP,

        Plaintiffs-Appellants,

v

DEPARTMENT OF TREASURY,

        Defendant-Appellee.

UNPUBLISHED
October 20, 2015

No. 321735
Court of Claims
LC No. 14-000012-MT

---

Before: M. J. Kelly, P.J., and Murray and Shapiro, JJ.

PER CURIAM.

In this tax dispute, plaintiffs, Frederick L. Feldkamp and Judith Feldkamp (collectively, the Feldkamps),[1] appeal by right the opinion and order of the Court of Claims denying their request for relief. On appeal, the Feldkamps argue that the Court of Claims erred when it determined that the Department of Treasury properly interpreted and applied the deduction for retirement or pension benefits stated under MCL 206.30(1)(f)(*iv*) and MCL 206.30(8), and denied their request for relief on that basis. Because we agree that the Department did not err when it determined that the deduction did not apply, we affirm.

## I. BASIC FACTS

Feldkamp was a partner with a Wisconsin law firm, Foley & Lardner, LLP, before he retired in 2005. The partnership's agreement provided that a partner would continue to participate in the earnings of the partnership after retirement, if the partner met certain eligibility requirements. The partnership characterized the benefit as a retirement benefit and guaranteed the payments for the remainder of the retired partner's life. It is undisputed that the benefit is an unqualified pension plan under federal law. See 26 USC 401.

---

[1] Because the facts involved in this case primarily involve Frederick Feldkamp, we shall use "Feldkamp" to refer to him alone.

Feldkamp met the partnership's eligibility criteria and began receiving payments after his retirement. The Feldkamps did not initially deduct these payments from their income for purposes of calculating their taxable income under Michigan law. However, in April 2011, the Feldkamps filed amended Michigan returns for the 2007, 2008, and 2009 tax years. They claimed that they were entitled to deduct the retirement benefits paid by Foley & Lardner for those tax years under MCL 206.30(1)(f)(*iv*) and MCL 206.30(8). They asked for a refund of the amounts that they overpaid for those years.

The Department denied the request for a refund in June 2012. In October 2013, a hearing referee held an informal conference to consider the Feldkamps' argument that the payments from Foley & Lardner qualified as a retirement or pension benefit under MCL 206.30(8) and, therefore, were deductible under MCL 206.30(1)(f)(*iv*). The referee concluded that the deduction did not apply because the payments were not made from a pension trust. See MCL 206.30(8)(b)(*iii*). The Department adopted the referee's recommendation and denied the Feldkamps' request for a refund in November 2013.

The Feldkamps appealed the Department's decision to the Court of Claims in January 2014. The Court of Claims similarly concluded that the deduction did not apply because the payments were not from a pension trust. Consequently, the Court of Claims denied the Feldkamps' request for relief in April 2014.

The Feldkamps now appeal in this Court.

## II. DEDUCTION FOR UNQUALIFIED RETIREMENT AND PENSION PLANS

### A. STANDARD OF REVIEW

On appeal, the Feldkamps argue that the Court of Claims erred when it interpreted MCL 206.30(8)(b)(*iii*) to state that the pension plan at issue did not qualify for the deduction provided under MCL 206.30(1)(f)(*iv*) because the distributions were not made from a pension trust. This Court reviews de novo the proper interpretation of a statute. *New Products Corp v Harbor Shores BHBT Land Dev LLC*, 308 Mich App 638, 644; 866 NW2d 850 (2014).

### B. ANALYSIS

The "[f]irst and foremost" rule of statutory construction is to "give effect to the Legislature's intent." *Tryc v Michigan Veterans' Facility*, 451 Mich 129, 135; 545 NW2d 642 (1996). This Court must begin by examining the language of the statute. *American Federation of State Co and Muni Employees v Detroit*, 468 Mich 388, 399; 662 NW2d 695 (2003). "If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning, and we enforce the statute as written." *Id.* (quotation marks and citation omitted).

Under Michigan's income tax act, a taxpayer other than a "corporation, estate, or trust" has a taxable income equal to his or her "adjusted gross income" as defined by the internal revenue code. MCL 206.30(1). However, a taxpayer may deduct from his or her taxable income certain retirement or pension benefits included in his or her adjusted gross income. MCL 206.30(1)(f)(*iv*). The Legislature defined the phrase "retirement or pension benefits," as used under MCL 206.30(1)(f)(*iv*), to mean certain qualifying "distributions." See MCL 206.30(8).

The parties dispute whether the distributions at issue meet the criteria stated under MCL 206.30(8)(b), which provides that a qualifying distribution includes distributions from "retirement and pension plans" that do not constitute a qualified plan under the internal revenue code. With MCL 206.30(b)(*i*) and (*ii*), the Legislature provided that distributions from plans maintained by governmental entities and by a church or convention or association of churches may be deducted without regard to the source of the distributions (they may be made directly by the governmental entity or the religious institution). Under 206.30(8)(b)(*iii*), by contrast, the Legislature stated that distributions from "[a]ll other unqualified plans" may be deducted under MCL 206.30(1)(f)(*iv*), but only to the extent "that" the unqualified plans "prescribe eligibility for retirement and predetermine contributions and benefits if the distributions are made from a pension trust."

Notably, the Legislature elected to define the "retirement or pension benefits" which may be deducted under MCL 206.30(1)(f)(*iv*) as "distributions" that meet specified criteria. By introducing the criteria applicable to "[a]ll other unqualified pension plans" with a subordinate conjunction, the Legislature expressed its intent to apply the subordinate clause to the phrase "[a]ll other unqualified pension plans" and to the distributions from those plans. That is, the subordinate clause clarifies the criteria applicable to determining whether the plan is a qualifying plan by establishing limits on the substance of the plans' terms and the manner by which the plans make distributions. Reading MCL 206.30(8) and MCL 206.30(8)(b)(*iii*) together, the statutory intent is clear: "As used in [MCL 206.30(1)(f)(*iv*)], 'retirement or pension benefits' means distributions" from "unqualified pension plans that prescribe eligibility for retirement and predetermine contributions and benefits if the distributions are made from a pension trust." Hence, in order for a distribution from an "unqualified pension" plan other than the types defined under MCL 206.30(8)(b)(*i*) and (*ii*) to be eligible for deduction under MCL 206.30(1)(f)(*iv*), the distribution must be made from a pension trust. MCL 206.30(8)(b)(*iii*).

On appeal, the Feldkamps contend that the reference to distributions made from a "pension trust" only modifies "contributions and benefits." More specifically, they maintain that distributions could qualify for deduction under MCL 206.30(8)(b)(*iii*) if they are from either (1) a plan that prescribes eligibility for retirement, or (2) from a pension trust, so long as the contributions and benefits are predetermined. "It is a general rule of grammar and of statutory construction that a modifying word or clause is confined solely to the last antecedent, unless a contrary intention appears." *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999). However, "the last antecedent rule should not be applied blindly." *Hardaway v Wayne Co*, 494 Mich 423, 428; 835 NW2d 336 (2013). This Court should not apply the last antecedent rule if it is clear that the " 'statute requires a different interpretation' than the one that would result from applying the rule." *Id.*, quoting *Stanton v Battle Creek*, 466 Mich 611, 616; 647 NW2d 508 (2002).

The Feldkamps application of the last antecedent rule results in a strained construction that requires the reader to infer that the Legislature divided the distributions from "[a]ll unqualified plans" that are eligible for deduction into two categories. The reader must infer that the Legislature intended to allow a deduction for distributions from "[a]ll other qualified plans that prescribe eligibility for retirement" without regard to whether the distributions came from a pension trust and then intended to allow a deduction for distributions from "[a]ll other unqualified plans" that "predetermine contributions and benefits," but only if the distributions

from those plans were "made from a pension trust." MCL 206.30(8)(b)(*iii*). The problem with this construction is that nearly every pension plan, including those offered by governments and churches, prescribes eligibility for enrollment. Accordingly, an interpretation that included a deduction for a pension plan simply because it prescribes eligibility for enrollment would render the provisions of MCL 206.30(8)(b)(*i*) and (b)(*ii*) surplusage. A second problem with the proposed interpretation is that the Legislature separated the categories of distributions from qualifying plans into three paragraphs, suggesting that it only intended there to be three categories of distributions that would be eligible for the deduction under MCL 206.30(8)(b). The qualifying distributions must arise from: 1) plans of the United States, other state governments, and political subdivisions, MCL 206.30(8)(b)(*i*); or 2) plans of a church or a convention or association of churches, MCL 206.30(8)(b)(*ii*); or 3) plans that prescribe eligibility for retirement, predetermine contributions and benefits, but in that case, only if the distributions are made from a pension trust.

When read as a whole, the Feldkamps' construction of this statute is not plausible. MCL 206.30(8)(b)(*iii*) unambiguously states that a distribution from an unqualified pension plan, other than those provided under MCL 206.30(8)(b)(i) and (ii), will be deductible under MCL 206.30(1)(f)(*iv*), if—and only if—the distributions are from a plan which meets the specified criteria and are made from a pension trust. Because it is undisputed that the distributions at issue were not from a pension trust, the Feldkamps were not entitled to deduct those distributions from their gross income.

The trial court did not err when it affirmed the Department's decision to deny the Feldkamps' request for a refund.

Affirmed.

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Douglas B. Shapiro