# Order

Michigan Supreme Court
Lansing, Michigan

January 13, 2006

126922

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

LANAH HARRIS, Next Friend of
MARIAH BOGARD-DEITZ,
WILLIAM WESLEY DEITZ, and
DONALD HARRIS, JR., minors,
          Plaintiff-Appellee,

v

PAUL RAHMAN, WALTER SAKOWSKI,
Personal Representative of the Estate of
RICHARD E. RAHMAN, Deceased, COUNTY OF
WAYNE, BAKER DENTAL DIVISION,
ENGLEHARD INDUSTRIES, INC.,
TROY CHEMICAL COMPANY,
          Defendants,

and

HENRY MACIEJEWSKI,
          Defendant-Appellant.

SC: 126922
COA: 247253
Wayne CC: 01-116038-NO

_____/

On December 8, 2005, the Court heard oral argument on the application for leave to appeal the July 22, 2004 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(G)(1). In lieu of granting leave to appeal, we REVERSE the Court of Appeals determination that there is a genuine issue of material fact as to whether defendant county health department employee Maciejewski was grossly negligent, and we REMAND this case to the Wayne Circuit Court for entry of an order granting defendant Maciejewski's motion for summary disposition. Plaintiff did not present documentary evidence that defendant Maciejewski knew the quantity of mercury involved when he first spoke with plaintiff on the telephone, or that defendant Maciejewski's statements directly contradicted the advice of the Poison Control Center. No reasonable juror could honestly conclude that defendant Maciejewski's conduct amounted to reckless conduct showing a substantial lack of concern whether injury would result. See *Stanton v City of Battle Creek*, 466 Mich 611, 620-621 (2002); *Jackson v Saginaw County*, 458 Mich 141, 146 (1998). Thus, plaintiff has failed to demonstrate

that defendant Maciejewski's conduct constituted gross negligence under MCL 691.1407(2)(c).

CAVANAGH, J., would deny leave to appeal.

KELLY, J., dissents and states as follows:

I would deny leave to appeal and remand this case to the circuit court for trial. The trial court properly denied the motion for summary disposition by defendant Henry Maciejewski and the Court of Appeals correctly affirmed the decision.

Plaintiff's children found a one-pound can of dental mercury in a house they had recently rented. They played with it for about two days before plaintiff called the poison control center. She was told to evacuate the house until she was contacted again. The family stayed in the yard the rest of the day. But no one contacted plaintiff, and she could not reach the county health department, so the family went back into the house.

The next day, July 2, 1998, plaintiff called the Wayne County Health Department. She spoke with defendant Maciejewski, the hazardous materials manager. As a trained expert, he knew that mercury is dangerous. He told plaintiff that he needed to get a mercury vapor detection meter before he could do anything to assist her and advised her to contact a private environmental consulting firm. About two weeks later, plaintiff again spoke with Maciejewski. By that time, he knew that the children had been tested and that their blood mercury levels were, in his words, "scary." He told plaintiff he was still working on getting the testing equipment.

Defendant Maciejewski tested plaintiff's home 2½ weeks after she first contacted him. Although the meter readings were in the "unsafe" range, he did not advise plaintiff to evacuate her home. He contacted the Environmental Protection Agency (EPA), the state health department, and local city government. Finally, on July 23, 1998, 21 days after plaintiff had first contacted defendant, plaintiff's family was evacuated from the house and the house padlocked. The EPA oversaw the cleanup.

Plaintiff sued several defendants. This appeal concerns only the summary disposition issued in favor of defendant Maciejewski.

Plaintiff alleges that Maciejewski was grossly negligent for failing to require immediate evacuation of the house and for not providing testing until over two weeks after plaintiff's first call. Plaintiff claims this gross negligence was the proximate cause of her children's injuries.

At the hearing on defendant's motion for summary disposition, the trial judge found that there was a factual dispute with regard to the issue of causation. It was

unknown at that stage of the proceeding whether prolonged exposure causes more damage than the first contact with mercury. He anticipated that there would be expert testimony regarding the issue.

He also found a question of fact regarding the issue of gross negligence. He viewed the evidence in the light most favorable to plaintiff. He then concluded that reasonable minds could differ on whether defendant's conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted.[1] He noted defendant's knowledge that mercury was very dangerous and disperses into the air at room temperature.

In reviewing a grant of summary disposition, an appellate court views the evidence in the light most favorable to the nonmoving party. In this case, the Court of Appeals properly reviewed the parties' documentary evidence de novo. It wrote:

> Defendant, meeting the initial burden of showing that no genuine issue of material fact exists as to the element of gross negligence, presented evidence that: (1) he did not initially know how much mercury was involved; (2) he immediately informed [plaintiff] that she should call an environmental consulting firm, since he did not have the equipment necessary to conduct the testing, and provided [her] with the name of such a firm; (3) at the time he tested [plaintiff's] home he was informed by plaintiff that some professional cleanup had already been completed; and (4) he had advised [plaintiff] that additional cleanup should be done to get rid of certain furniture saturated with mercury, as well as to keep the household pets out of the most highly contaminated areas. Defendant further presented evidence that even at the time he contacted the Environmental Protection Agency to get it involved in the case he still did not believe that it was necessary for [plaintiff's] family to evacuate their home, because he did not believe that the readings he obtained during his testing were accurate.

> Plaintiff presented evidence that: (1) defendant knew at the time of the spill at [plaintiff's] home that the amount of mercury involved in a spill was an important factor because the greater the spill the greater the danger of vaporization and, therefore, poisoning; (2) before the time of the spill at [plaintiff's] home, defendant believed that when one pound of elemental

---

[1] Section 7 of the governmental tort liability act (GTLA), MCL 691.1407(7)(a), provides that "gross negligence" means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.

mercury was involved in a spill immediate evacuation of the contaminated area was necessary; (3) defendant was informed during his first conversation with [plaintiff] that one pound of mercury was involved and that the Poison Control Center had advised the family to evacuate the home; (4) although defendant's testing had revealed levels of mercury contamination within the legal limits for industrial sites, this legal limit was higher than was safe in a residential area because it was based on time of exposure; (5) and that defendant had recommended that [plaintiffs] keep their family pets away from the most heavily contaminated areas for the safety of the pets. Plaintiff further presented evidence that, despite all of the above, not only did defendant not advise [plaintiff's] family to evacuate the home, but he directly contradicted the advice given the family by the Poison Control Center in telling them that it was mere speculation that the levels of mercury in the home were dangerous. [Unpublished opinion per curiam of the Court of Appeals, issued July 22, 2004 (Docket No. 247253, slip op at 3-4].

I believe the Court of Appeals summary of facts to be accurate, and I agree with the panel's conclusions. The trial court correctly determined that a genuine issue of material fact exists regarding whether defendant was grossly negligent in connection with the injuries suffered by plaintiff's children. Thus, plaintiff's claim is not statutorily barred by governmental immunity.

Leave to appeal should be denied, and the case should be remanded to the circuit court for trial.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 13, 2006

_Corbin R. Davis_
Clerk

p0110