# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 2, 2010

140164

HELIN YOUSIF, as Next Friend of
RICHARD JOSEPH YOUSIF, a Minor,
              Plaintiff-Appellee,

v

CITY OF STERLING HEIGHTS,
              Defendant-Appellant.

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC:  140164
COA: 288302
Macomb CC: 07-002624-NI

_____/

On order of the Court, the application for leave to appeal the October 29, 2009 judgment of the Court of Appeals is considered and, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

CORRIGAN, J. (*dissenting*).

I would reverse the judgment of the Court of Appeals for the reasons stated in Judge Murray's dissenting opinion and remand to the circuit court for entry of an order granting defendant's motion for summary disposition.  The golf cart-like vehicle involved in plaintiff's accident was not a "motor vehicle" for purposes of the motor vehicle exception to governmental immunity, MCL 691.1405.

While attending a festival in Sterling Heights, plaintiff's 15-year-old son fell from a city-provided passenger trailer being towed by a "Gator" vehicle.  Plaintiff filed this lawsuit against the city claiming that negligent driving of the Gator caused her son's injuries.  Defendant moved for summary disposition on the basis of governmental immunity, arguing that the Gator was not a "motor vehicle" under the motor vehicle exception to governmental immunity.  The circuit court concluded that the Gator was "comparable to a truck" and thus fell within the exception.  The Court of Appeals affirmed in a 2-1 decision.[1]

_____

[1] Unpublished opinion per curiam, issued October 29, 2009 (Docket No. 288302).

The motor vehicle exception to governmental immunity, MCL 691.1405, provides: "Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a *motor vehicle* of which the governmental agency is owner . . . ." (Emphasis added.)  The exception to immunity thus applies only if the Gator is a "motor vehicle."  Although the statute does not define the term "motor vehicle," we have previously addressed its meaning.  In *Stanton v City of Battle Creek*, 466 Mich 611, 618 (2002), we held that a motor vehicle is "an automobile, truck, bus, or similar motor-driven conveyance."  We concluded that the forklift at issue in *Stanton* did not fall within that definition and thus that the motor vehicle exception did not apply.  And in *Overall v Howard*, 480 Mich 896 (2007), we adopted the Court of Appeals dissenting view that a golf cart did not meet the *Stanton* definition of a motor vehicle.

Applying these authorities, I agree with Judge Murray's dissenting opinion that the Gator is not an automobile, truck, bus, or similar motor-driven conveyance.  The Gator is not intended to be driven on public roads and has limitations in size, capacity, and engineering similar to a golf cart, having only a 10-horsepower engine and a maximum speed of 18 miles per hour.  The Gator also looks like a golf cart and is often called a golf cart.  Finally, the Gator is not required to be registered with the Secretary of State and has no license plates.  These characteristics establish that the Gator is not a motor vehicle as defined in *Stanton* and *Overall*.

Accordingly, the motor vehicle exception to governmental immunity does not apply.  I would thus reverse the judgment of the Court of Appeals and remand to the circuit court for entry of an order granting defendant's motion for summary disposition.

YOUNG, J., joins the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 2, 2010

_Corbin R. Davis_
Clerk