# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v

LYMANCE ENGLISH,

      Defendant-Appellee.

FOR PUBLICATION
October 27, 2016

No. 330389
Oakland Circuit Court
LC No. 2014-250982-FH

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v

BRANDON RENAR SMITH,

      Defendant-Appellee.

No. 330390
Oakland Circuit Court
LC No. 2015-255117-FH

Before: WILDER, P.J., and MURPHY and O'CONNELL, JJ.

MURPHY, J. (*concurring*).

      Because I conclude that the Legislature intended MCL 333.7410(3) to apply where an offender possesses a controlled substance either inside or outside of a school zone with the intent to deliver the controlled substance within a school zone, and not where a controlled substance is possessed inside a school zone but with no intent to deliver the controlled substance within the school zone, I concur in the lead opinion. Ultimately, in my view, MCL 333.7410(3) is targeted at drug traffickers who intend to distribute controlled substances within a school zone and not at traffickers who may simply live in or be traveling through a school zone with controlled substances present in their home or vehicle. Accordingly, I agree with my colleague's position in the lead opinion that we should affirm the circuit courts' orders dismissing the charges under MCL 333.7410(3). Because I reach that conclusion partly on the basis of an analysis that contemplates the legislative history of MCL 333.7410(3), I write separately.

      In general, this Court reviews for an abuse of discretion a trial court's ruling with respect to a motion to dismiss criminal charges. *People v Adams*, 232 Mich App 128, 132; 591 NW2d

44 (1998). We review de novo, however, the construction of a statute. *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006). In *People v Peltola*, 489 Mich 174, 181; 803 NW2d 140 (2011), our Supreme Court recited the well-established rules of statutory construction:

> Our overriding goal for interpreting a statute is to determine and give effect to the Legislature's intent. The most reliable indicator of the Legislature's intent is the words in the statute. We interpret those words in light of their ordinary meaning and their context within the statute and read them harmoniously to give effect to the statute as a whole. Moreover, every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory. If the statutory language is unambiguous, no further judicial construction is required or permitted because we presume the Legislature intended the meaning that it plainly expressed. [Citations and quotation marks omitted.]

When a statute is ambiguous, judicial construction is proper in order to ascertain the statute's meaning. *In re MCI Telecom Complaint*, 460 Mich 396, 411-412; 596 NW2d 164 (1999). In interpreting an ambiguous statute, "we should give effect to the interpretation that more faithfully advances the legislative purpose behind the statute." *People v Adair*, 452 Mich 473, 479-480; 550 NW2d 505 (1996). A statute is ambiguous where an irreconcilable conflict exists between statutory provisions or when a statute is equally susceptible to more than one meaning. *People v Hall*, __ Mich __, __; __ NW2d __ (2016); slip op at 7.

MCL 333.7410(3) provides:

> An individual 18 years of age or over who violates section 7401(2)(a)(*iv*) by possessing with intent to deliver to another person on or within 1,000 feet of school property or a library a controlled substance described in schedule 1 or 2 that is either a narcotic drug or described in section 7214(a)(*iv*) shall be punished, subject to subsection (5), by a term of imprisonment of not less than 2 years or more than twice that authorized by section 7401(2)(a)(*iv*) and, in addition, may be punished by a fine of not more than 3 times that authorized by section 7401(2)(a)(*iv*).[1]

The issue that arose in these consolidated cases regards whether the statute demands proof of an intent to deliver a controlled substance "to another person on or within 1,000 feet of school property" (school zone), or whether it suffices to show an intent to deliver to another person *anywhere*, including outside of a school zone, as long as the controlled substance was possessed within a school zone. Stated otherwise, the issue is whether the school-zone

---

[1] MCL 333.7401(2)(a)(*iv*) concerns the manufacture, creation, or delivery of a controlled substance, or the possession with intent to manufacture, create, or deliver a controlled substance, "in an amount less than 50 grams," which offense constitutes "a felony punishable by imprisonment for not more than 20 years or a fine of not more than $25,000.00, or both."

requirement pertains to the *possession* of controlled substances or to the *intended delivery-destination* of controlled substances.

Our Supreme Court has observed that "[i]t is a general rule of grammar and of statutory construction that a modifying word or clause is confined solely to the last antecedent . . . ." *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999); see also *Stanton v Battle Creek*, 466 Mich 611, 616; 647 NW2d 508 (2002) (referring to the "last antecedent" rule of statutory interpretation). The lead opinion relies on the last antecedent rule to conclude that MCL 333.7410(3) is unambiguous and that defendants' construction of the statute is correct. I find the lead opinion to be fairly persuasive. My hesitancy in fully embracing the lead opinion is premised on the awareness and appreciation that the last antecedent rule controls "unless something in the statute requires a different interpretation[,]" *Stanton*, 466 Mich at 616, or "unless a contrary intention appears[,]" *Sun Valley*, 460 Mich at 237.

Subsection (2) of MCL 333.7410 enhances the punishment for delivering a controlled substance to another person within a school zone, and subsection (4) enhances the punishment for possessing a controlled substance within a school zone. These provisions are concerned with the *actus reus* of the offenses, i.e., the location of the wrongful deeds that comprise the physical components of the crimes, *People v Likine*, 492 Mich 367, 393 n 43; 823 NW2d 50 (2012), reflecting a legislative intent to punish more severely drug crimes physically committed within a school zone. Interpreting the words in subsection (3) of MCL 333.7410 in light of their context in the overall statute and reading them harmoniously with subsections (2) and (4), *Peltola*, 489 Mich at 181, there is a plausible argument that subsection (3) should also be interpreted with a focus on the *actus reus* of the offense, which is possession of a controlled substance, not the intended destination of the substance's delivery. As pointed out by the dissent, federal courts have construed 21 USC 860(a), which contains language that gives rise to the same interpretation problems posed by MCL 333.7410(3), applying this very logic, concluding that 21 USC 860(a) only requires proof of an intent to deliver drugs somewhere, as long as the drugs were possessed within a school zone. See, e.g., *United States v Harris*, 313 F3d 1228, 1239 (CA 10, 2002); *United States v Ortiz*, 146 F3d 25, 28 (CA 1, 1998); *United States v McDonald*, 301 US App DC 157, 160; 991 F2d 866 (1993); *United States v Rodriguez*, 961 F2d 1089, 1092 (CA 3, 1992). In light of my discussion, I am not unflinchingly confident that the last antecedent rule governs, considering that the overall language of MCL 333.7410 arguably reveals a legislative intention that is contrary to the intention deciphered upon application of the last antecedent rule of statutory construction.

In my view, analysis under the last antecedent rule should be supplemented with an examination of the legislative history of MCL 333.7410(3), given that the question regarding whether § 7410(3) is ambiguous is too close to call with any degree of certainty. The Michigan Supreme Court "has recognized the benefit of using legislative history when a statute is ambiguous and construction of [the] ambiguous provision becomes necessary." *In re Certified Question from the United States Court of Appeals for the Sixth Circuit*, 468 Mich 109, 115 n 5; 659 NW2d 597 (2003). The Court warned "that resort to legislative history of any form is proper *only* where a genuine ambiguity exists in the statute[,]" and that "[l]egislative history cannot be used to create an ambiguity where one does not otherwise exist." *Id.*

Before the enactment of 1999 PA 188, which was made effective November 24, 1999, MCL 333.7410(3) enhanced criminal penalties for "possessing with intent to deliver to *a minor who is a student* on or within 1,000 feet of school property a controlled substance . . . ." See 1994 PA 174 (emphasis added). Although the phrasing still lacked absolute clarity, the reference to "a minor who is a student" plainly signaled the Legislature's intention that an offender had to have intended delivery within a school zone.[2] A minor student and a school zone go hand in hand. The question becomes whether 1999 PA 188, which replaced the phrase "a minor who is a student" with "another person," revealed a legislative intent to expand the scope of the statute to encompass an intent to deliver anywhere, not just school zones, as long as the possession occurred within a school zone. The only information that I could locate speaking to the reason behind the amendment of MCL 333.7410 under 1999 PA 188 is found in Senate Legislative Analysis, SB 218, July 29, 1999, which provided as follows with respect to the argument supporting the amendment:

> Although the current law is well-meaning, apparently it is ineffective because an element of the offense is delivery to a student who is a minor. A successful prosecution requires the testimony of the student. A student, however, may be afraid of testifying against a drug dealer, reluctant to admit to receiving drugs, or otherwise unwilling to testify. If the enhanced penalties applied to delivery to anyone within a drug-free school zone, however, law enforcement agencies could place young-looking undercover officers in schools to pose as students. By making this change, the bill could have a big impact on combating drug-trafficking in and around schools. Reportedly, offenders in Florida are being prosecuted under a similar law.

Accordingly, the 1999 amendment simply reflected a desire not to require the involvement of a student minor for purposes of a criminal prosecution, as opposed to an effort to abolish the need to prove an intent to deliver controlled substances within a school zone. I fully appreciate that "legislative analyses should be accorded very little significance by courts when construing a statute." *In re Certified Question*, 468 Mich at 115 n 5. But even if one disregards the Senate analysis quoted above, the amendment of MCL 333.7410 under 1999 PA 188 clearly concerned only the identity of the *person* to whom a drug delivery was intended to be made, not the *location* of the intended delivery. Given the legislative history of MCL 333.7410(3), I conclude that the Legislature intended the statutory provision to apply where an offender possesses a controlled substance either inside or outside of a school zone with the intent to deliver the controlled substance within a school zone, and not where a controlled substance is possessed inside a school zone but with no intent to deliver the controlled substance within the school zone.

---

[2] Conceivably, the earlier language could be construed as concerning the possession of a controlled substance within a school zone with an intent to deliver the controlled substance to a student minor, regardless of the student minor's whereabouts. This would be a strained and wholly unreasonable interpretation of the earlier version of MCL 333.7410(3).

In sum, while application of the last antecedent rule brings me very close to a conclusive determination that a prosecutor must establish an intent to deliver a controlled substance within a school zone for purposes of charges brought under MCL 333.7410(3), any lingering doubts I may have had on the matter are eliminated on consideration of the statute's legislative history, which reinforces the result produced in applying the last antecedent rule of statutory construction.

I respectfully concur in the lead opinion.


/s/ William B. Murphy