# Court of Appeals, State of Michigan

## ORDER

Charnita Sadler v City of Detroit

Docket No.    336117

LC No.      16-010827-NO

Elizabeth L. Gleicher
Presiding Judge

Stephen L. Borrello

Brock A. Swartzle
Judges

The Court orders that the March 1, 2018 opinion is hereby VACATED, and new opinions are attached.

/s/ Elizabeth L. Gleicher

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

March 6, 2018
Date

Chief Clerk

CHARNITA SADLER,

        Plaintiff-Appellant,

v

CITY OF DETROIT,

        Defendant-Appellee.

UNPUBLISHED
March 6, 2018

No. 336117
Wayne Circuit Court
LC No. 16-010827-NO

Before: GLEICHER, P.J., and BORRELLO and SWARTZLE, JJ.

PER CURIAM.

In this governmental negligence action, plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition. Plaintiff alleges that on or about February 5, 2016, she was walking in the city of Detroit when she sustained injuries from slipping and falling in a pothole. Plaintiff brought suit in the Wayne Circuit Court on August 25, 2016. Defendant responded with a motion for summary disposition pursuant to MCR 2.116(C)(7), arguing that plaintiff failed to comply with the notice requirements of MCL 691.1404(2). The trial court granted defendant's motion. For the reasons set forth in this opinion, we affirm.

I. BACKGROUND

This action arises out of a slip and fall that allegedly occurred on February 5, 2016, while plaintiff was traveling on Chelsea Street in the city of Detroit. Plaintiff filed a complaint against the city on August 25, 2016, requesting $25,000 in damages for defendant's failure to maintain the roadway pursuant to MCL 691.1404 *et seq*.

On September 13, 2016, plaintiff filed a proof of service in which she claimed to have served a copy of the summons and complaint, as well as a notice of her injuries pursuant to statute, on the "City of Detroit" on August 29, 2016. Service was addressed to "City of Detroit Law Department, Attn: Claims, 660 Woodward Avenue, Detroit, MI 48226," and was sent via certified mail with a return receipt requested. On September 22, 2016, defendant moved for summary disposition pursuant to MCR 2.116(C)(7), arguing that the notice "was not served upon an individual who may lawfully be served with civil process . . . as required by MCL 691.1404(2)." Defendant argued that MCL 691.1404(2) required service to an "individual," and that the city's "law department" was not an individual within the meaning of the statute.

Plaintiff filed a response on November 8, 2016, in which she claimed that defendant's

law department necessarily *was* the city attorney. Plaintiff also argued that she had, in fact, served a copy of the complaint and notice on the city clerk, albeit not by certified mail.

A hearing on defendant's motion was held on November 28, 2016. Following a discussion with the parties about the issue presented, and the trial court reviewing prior unpublished decisions of this Court the trial court ultimately held that MCL 691.1404(2) required that notice of injury be perfected on an "individual," and MCR 2.105(G), indicating service of process on public corporations, required that plaintiff serve personally or by certified mail either "the mayor, the city clerk, or the city attorney of [the] city." Accordingly, the trial court granted defendant's motion for summary disposition and this appeal then ensued.

## II. ANALYSIS

Plaintiff now appeals the granting of summary disposition against her, arguing that the trial court erred in determining that she failed to comply with MCL 691.1404(2). " 'This Court reviews motions for summary disposition under MCR 2.116(C)(7) de novo.' " *Russell v City of Detroit*, ___ Mich App ___; ___ NW2d ___ (2017) (Docket No. 332934); slip op at 2, quoting *Trentadue v Buckler Automatic Law Sprinkler Co*, 479 Mich 378, 386; 738 NW2d 664 (2007). "Under MCR 2.116(C)(7), summary disposition is proper when a claim is barred by immunity granted by law." *State Farm Fire & Cas Co v Corby Energy Servs, Inc*, 271 Mich App 480, 482; 722 NW2d 906 (2006), citing *Fane v Detroit Library Comm*, 465 Mich 68, 74; 631 NW2d 678 (2001). "In order to avoid summary disposition pursuant to MCR 2.116(C)(7), a plaintiff must plead facts in avoidance of immunity." *State Farm*, 271 Mich App at 482, citing *Mack v Detroit*, 467 Mich 186, 199; 649 NW2d 47 (2002). "If the facts are not in dispute and reasonable minds could not differ concerning the legal effect of those facts, whether a claim is barred by governmental immunity is a question for the court to decide as a matter of law." *Poppen v Tovey*, 256 Mich App 351, 354; 664 NW2d 269 (2003).

Questions of statutory interpretation are also reviewed de novo. *Stanton v City of Battle Creek*, 466 Mich 611, 614; 647 NW2d 508 (2002), citing *In re MCI Telecommunications*, 460 Mich 396, 413; 596 NW2d 164 (1999). "The primary rule of statutory interpretation is that we are to effect the intent of the Legislature." *Stanton*, 466 Mich at 615, citing *Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001). " 'To do so, we begin with the language of the statute, ascertaining the intent that may reasonably be inferred from its language.' " *Odom v Wayne Co*, 482 Mich 459, 467; 760 NW2d 217 (2008), quoting *Lash v Traverse City*, 479 Mich 180, 187; 735 NW2d 628 (2007). If the language is unambiguous, the intent of the Legislature is clear and " 'judicial construction is neither necessary nor permitted.' " *Odom*, 482 Mich at 467, quoting *Lash*, 479 Mich at 187.

MCL 691.1404 provides, in pertinent part:

(1) As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, . . . shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

(2) The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the governmental agency, anything to the contrary in the charter of any municipal corporation notwithstanding.

MCR 2.105(G)(2) in turn provides:

(G) Public Corporations. Service of process on a public, municipal, quasi-municipal, or governmental corporation, unincorporated board, or public body may be made by serving a summons and a copy of the complaint on:

* * *

(2) the mayor, the city clerk, or the city attorney of a city[.]

Plaintiff contends that defendant's "law department" constituted an "individual" within the meaning of the statute because the law department necessarily *is* the city attorney. We disagree.

This exact issue was recently addressed by this Court[1] in *Wigfall v City of Detroit*, ___ Mich App ___; ___ NW2d ___ (2017) (Docket No. 333448), lv pending. In *Wigfall*, the defendant argued that the "plaintiff mailed his notice to 'City of Detroit Law Department – CLAIMS,' and not to a proper individual." *Id*. at ___; slip op at 1. This Court agreed, and held that the plaintiff "failed to comply with the statutory notice requirement" because he "did not serve his notice upon any individual who may lawfully be served with civil process directed against defendant as required under MCL 691.1404(2). *Id*. at ___; slip op at 3-4. Specifically, this Court agreed with the defendant that the "city attorney" at the time was Melvin Butch Hollowell, and he should have been served in place of the "law department." *Id*. at ___; slip op 3. This Court went on to conclude that:

To avoid governmental immunity, plaintiff was required to fulfill the requirements set forth by our Legislature in MCL 691.1404. One of those requirements was to serve notice "upon an individual . . . who may lawfully be served with civil process directed against the governmental agency, anything to the contrary in the charter of any municipal corporation notwithstanding." MCL 691.1404(2). MCR 2.105(G)(2) provides that the individual who may lawfully be served civil process on behalf of a municipal corporation is "the mayor, the city clerk, or the city attorney of a city." Plaintiff did not serve notice upon "the mayor, the city clerk, or the city attorney…" *Id*. at ___; slip op 9-10.

Our decision in *Wigfall* resolves the issue presented here as to whether a city's law department might constitute an "individual" within the meaning of MCL 691.1404(2), and is therefore dispositive. Additionally, any alternate claim by plaintiff that she substantially complied with the statute was also resolved in *Wigfall*:

---

[1] Though *Wigfall* was released after both parties submitted their briefs, it is noteworthy that neither party amended its briefing to include argument as to the application of this Court's decision in *Wigfall*.

As our Supreme Court held in *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 219; 731 NW2d 41 (2007), the "straightforward, clear, and unambiguous" language of MCL 691.1404 "must be enforced as written." Further, our Supreme Court held, "no judicially created saving construction is permitted to avoid a clear statutory mandate." *McCahan v Brennan*, 492 Mich 730, 733; 822 NW2d 747 (2012); see also *Jakupovic v Hamtramck*, 489 Mich 939; 798 NW2d 12 (2011). Statutory notice provisions are within the sole province of the Legislature and the judiciary has no authority to amend them; thus, they must be interpreted and enforced as plainly written. *McCahan*, 492 Mich at 732-733. In other words, contrary to plaintiff's argument and the trial court's holding, substantial compliance with the statutory notice provision is not sufficient. [*Wigfall*, ___ Mich App at ___; slip op at 3.]

Pursuant to MCL 691.1404(2), plaintiff was required to serve her notice "upon an individual . . . who may lawfully be served with civil process directed against the governmental agency." Said individuals included "the mayor, the city clerk, or the city attorney," and not defendant's law department. MCR 2.105(G)(2); see also *Wigfall*, ___ Mich App at ___; slip op at 3-4. Furthermore, that plaintiff's notice may have been otherwise void of defects is irrelevant because she was required to strictly conform to the requirements of MCL 691.1404. See *Wigfall*, ___ Mich App at ___; slip op at 4.

Affirmed. No costs are awarded. MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ Brock A. Swartzle