# STATE OF MICHIGAN

# COURT OF APPEALS

NAWAL HATOUM,

        Plaintiff-Appellee,

v

CITY OF ANN ARBOR,

        Defendant-Appellant,

and

PATRICK STACY,

        Defendant.

UNPUBLISHED
May 22, 2018

No. 339634
Washtenaw Circuit Court
LC No. 16-000685-NI

Before: MURRAY, C.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

Defendant, the City of Ann Arbor, appeals as of right[1] the trial court's order denying its motion for summary disposition. For the reasons stated herein, we reverse and remand for further proceedings consistent with this opinion.

---

[1] In her brief on appeal, plaintiff challenges this Court's jurisdiction over defendant's appeal, arguing that defendant focused the majority of its summary disposition motion on the threshold requirements of the no-fault act, MCL 500.3101 *et seq.*, rather than on governmental immunity, and that "[a] cursory mention of governmental immunity in a motion which actually seeks to challenge another aspect of a claim does not entitle the governmental entity to an appeal as of right." Plaintiff's challenge lacks merit. Under MCR 7.203(A)(1), this Court has "jurisdiction of an appeal of right" from a "final judgment or final order of the circuit court," which includes "an order denying governmental immunity to a governmental party . . . under MCR 2.116(C)(7) or an order denying a motion for summary disposition under MCR 2.116(C)(10) based on a claim of governmental immunity," MCR 7.202(6)(a)(*v*). The trial court denied defendant's motion for summary disposition brought in part under MCR 2.116(C)(7), finding "questions of fact both with respect to whether the accident was the cause of the injury and whether the injuries met the threshold," and confirmed that in so finding, it was rejecting defendant's claim of governmental

-1-

This matter arises out of an automobile collision on June 3, 2015, between plaintiff and a street sweeper owned by defendant and operated at the time by Patrick Stacy,[2] an employee of defendant.[3] Following the collision, plaintiff filed a negligence action against defendant claiming that defendant was liable under MCL 691.1405, the motor vehicle exception to the Governmental Tort Liability Act (GTLA), MCL 691.1401, *et seq.*, for the bodily injury she suffered as a result of Stacy's negligent operation of the street sweeper, and that she suffered serious impairment of body function "as follows: head injury, plus other injuries to the back, hip, neck and to other parts of her body, externally and internally, and some or all of which interferes with her enjoyment of life . . . ."[4] In so doing, she requested all available economic damages under the no-fault act, MCL 500.3101 *et seq.*, and noneconomic damages for serious impairment of body function.

After filing an answer to plaintiff's complaint raising the affirmative defense of governmental immunity, defendant filed a motion for summary disposition of plaintiff's claim pursuant to MCR 2.116(C)(7) and (10), arguing entitlement to immunity because plaintiff could not satisfy the motor vehicle exception. In support of its argument, defendant asserted that plaintiff had a history of preexisting back problems, and could not "offer admissible evidence that any serious impairing injuries resulted from the June 3, 2015 accident."

Plaintiff responded, arguing that defendant's motion did not actually raise the defense of governmental immunity, and only challenged elements of general tort liability and the serious impairment threshold in the no-fault act, MCL 500.3135. Additionally, she asserted that she presented sufficient evidence to create a genuine issue of material fact regarding whether she suffered injury as a result of the collision, and whether she satisfied the serious impairment threshold. In so doing, she cited generally to her deposition testimony, disability certificates restricting her activities and work following the collision, medical records she asserted were "littered with references to [her] injuries and how they stem[med] from the accident," and MRIs taken pre- and post-accident that she contended were plainly different.

At the summary disposition hearing, the parties made arguments consistent with those made in their briefs, and the trial court ultimately denied the motion, finding "questions of fact both with respect to whether the accident was the cause of the injury and whether the injuries met the threshold."

---

immunity. The order appealed from therefore denied defendant summary disposition based on governmental immunity. Thus, this Court has jurisdiction over defendant's appeal as of right.

[2] Stacy was listed as a defendant in plaintiff's original complaint, but not in plaintiff's first amended complaint. He is not a party to this appeal.

[3] The facts of the collision itself are not at issue on appeal.

[4] Plaintiff's complaint also stated, "[S]hould it be determined at the time of trial that the said Plaintiff HATOUM was suffering from any pre-existing conditions, at the time of the aforesaid collision, then and in such event, it is averred that the negligence of Defendants precipitated, exacerbated and aggravated any such pre-existing conditions."

-2-

Defendant argues that it is entitled to immunity from plaintiff's negligence claim and, thus, the trial court erred when it denied the motion for summary disposition.[5] Specifically, it asserts plaintiff failed to satisfy the motor vehicle exception to governmental immunity or the no-fault serious impairment threshold by offering admissible evidence demonstrating a genuine issue of material fact that she suffered bodily injury resulting from the June 3, 2015 collision.

We review de novo both (1) a trial court's decision on a motion for summary disposition under MCR 2.116(C)(7), and (2) an issue regarding the applicability of governmental immunity. *Seldon v Suburban Mobility Auth for Regional Transp*, 297 Mich App 427, 432-433; 824 NW2d 318 (2012). Summary disposition is proper under MCR 2.116(C)(7) "when a claim is barred by immunity granted by law." *Beals v Michigan*, 497 Mich 363, 370; 871 NW2d 5 (2015) (quotation marks and citations omitted). "To survive such a motion, the plaintiff must allege facts justifying the application of an exception to governmental immunity." *Id*. (quotation marks and citations omitted). And we must "accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). When "no [material] facts are in dispute, or if reasonable minds could not differ regarding the legal effect of the facts, the question whether the claim is barred by governmental immunity is an issue of law." *Willett v Charter Twp of Waterford*, 271 Mich App 38, 45; 718 NW2d 386 (2006) (quotation marks and citation omitted; alteration in original).

We also review a trial court's decision on a motion for summary disposition under MCR 2.116(C)(10) de novo. *Hill v Sears, Roebuck & Co*, 492 Mich 651, 659; 822 NW2d 190 (2012). "A motion under MCR 2.116(C)(10) tests the factual basis underlying the plaintiff's claim." *Baker v Arbor Drugs, Inc*, 215 Mich App 198, 202; 544 NW2d 727 (1996). A court may grant a motion for summary disposition pursuant to MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). "[A] genuine issue of material fact exists when, viewing the evidence in a light most favorable to the nonmoving party, the 'record which might be developed would leave open an issue upon which reasonable minds might differ." *Debano-Griffin v Lake Co*, 493 Mich 167, 175; 828 NW2d 634 (2013) (quotation marks and citations omitted). To review a motion under MCR 2.116(C)(10), this Court considers " 'the pleadings, admissions, affidavits, and other relevant documentary evidence of record . . . .' " *Maple Grove Twp v Misteguay Creek Intercounty Drain Bd*, 298 Mich App 200, 206-207; 828 NW2d 459 (2012), quoting *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). " 'The moving party has the initial burden of supporting its position with documentary evidence, but once the moving party meets its burden, the burden shifts to the nonmoving party to establish that a genuine issue of disputed fact exists.' " *McNeill-Marks v MidMichigan Medical Center-Gratiot*, 316 Mich App 1, 15; 891 NW2d 528 (2016) (quotation marks and citations omitted); see also MCR 2.116(G)(4).

---

[5] Defendant cited to a number of unpublished opinions of this Court in its brief on appeal without adequately explaining its reasons for doing so in violation of MCR 7.215(C)(1), which states, in relevant part, "If a party cites an unpublished opinion, the party shall explain the reason for citing it and how it is relevant to the issues presented."

Generally, "[t]he governmental tort liability act, MCL 691.1401 *et seq.*, provides immunity from tort liability to governmental agencies engaged in a governmental function." *Stanton v Battle Creek*, 466 Mich 611, 614-615; 647 NW2d 508 (2002), citing MCL 691.1407(1). But an exception exists for "bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner[.]" MCL 691.1405.[6]

Further, the motor vehicle exception to governmental immunity is itself limited by the no-fault act, "which generally abrogates 'tort liability arising from the ownership, maintenance, or use within this state of a motor vehicle,' unless the damages come within an enumerated exception." *Hannay v Dep't of Transp*, 497 Mich 45, 75; 860 NW2d 67 (2014), quoting MCL 500.3135(3). Plaintiff here requested noneconomic damages in her complaint, which are available under the no-fault act "if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement." MCL 500.3135(1); *Hannay*, 497 Mich at 76. Thus, "MCL 691.1405 and MCL 500.3135 may be read harmoniously to provide that a plaintiff may avoid governmental immunity if he suffers 'bodily injury' under the motor vehicle exception, but he must also meet the requirements contained within the enumerated exceptions to the no-fault act's abolition of tort liability, such as the 'death, serious impairment of body function, or permanent serious disfigurement' threshold pertaining to recovery of noneconomic damages." *Hannay*, 497 Mich at 76 n 92.[7]

As discussed above, for purposes of the summary disposition motion defendant does not dispute that it employed Stacy at the time of the collision, that it owned the street sweeper, or that Stacy negligently operated the vehicle. Instead, defendant asserts only that it is not subject to the motor vehicle exception, and is therefore immune from tort liability, because plaintiff failed to present admissible evidence that she suffered physical injury which *resulted from* the June 3, 2015 collision, and which meets the serious impairment threshold. We agree, and hold that plaintiff presented insufficient evidence to establish a question of material fact regarding whether her physical injuries resulted from, or were exacerbated by, the collision. In other words, she established no causal nexus.[8] Thus, defendant is entitled to governmental immunity, and the trial court erred when it denied the motion for summary disposition.

---

[6] A "bodily injury" is a physical or corporeal injury to the body. *Hannay v Dep't of Transp*, 497 Mich 45, 63; 860 NW2d 67 (2014).

[7] There are "three prongs that are necessary to establish a 'serious impairment of body function': (1) an objectively manifested impairment (2) of an important body function that (3) affects the person's general ability to lead his or her normal life." *McCormick v Carrier*, 487 Mich 180, 194-195; 795 NW2d 517 (2010).

[8] We note that beyond the "resulting from" language in the motor vehicle exception, MCL 691.1405, "[i]n any negligence case, . . . a court must determine whether 'the defendant's negligence was a cause in fact of the plaintiff's injuries,' " *Ray v Swager*, 501 Mich 52, 65; 903 NW2d 366 (2017) (citation omitted).

Plaintiff alleged in her complaint, and testified in her deposition, that she suffered head, back, hip, and neck injuries as a result of the collision. However, in support of its motion for summary disposition, defendant asserted and presented substantial evidence that many of plaintiff's alleged health issues may have been preexisting. For example, medical records from the University of Michigan Health System show that on April 17, 2015, approximately six weeks before the collision, plaintiff visited the emergency room for back pain, which she reported she had been experiencing for several years. And on April 24, 2015, she visited Packard Health for "exacerbation of low back pain" that had "progressed over the recent months." Plaintiff confirmed her history of back problems and back surgeries in her deposition,[9] and testified that she suffered from a back condition for which she was being treated at the time of the collision. In fact, when the collision with the street sweeper occurred, plaintiff was on her way to a follow-up appointment with her back doctor, who had been treating her with injections.

In response, plaintiff failed to present evidence demonstrating that these preexisting conditions were exacerbated by the June 3, 2015 collision, or that she suffered additional injuries *as a result of* the collision. Medical records, attached to her response below and her brief on appeal,[10] indicate that following the collision, she was diagnosed with post-concussive syndrome and a traumatic brain injury, but she produced no affidavits or testimony from the doctors linking the injuries to the June 3, 2015 collision.[11] Demonstrating a temporal relationship alone is generally insufficient to establish a question of fact regarding causation. See *Craig ex rel Craig v Oakwood Hosp*, 471 Mich 67, 93; 684 NW2d 296 (2004) ("It is axiomatic in logic and in science that correlation is not causation.") Further, plaintiff cites to results from a pre-accident MRI taken of her spine on April 17, 2015, and a post-accident MRI taken on July 8, 2015, and asserts that "there are many differences between the two MRI reports," but the supposed

---

[9] The patient history portion of the April 17, 2015 University of Michigan Health System record states, "[Plaintiff] tells me that she has been experiencing these symptoms for several years now, and has had multiple surgeries on her lower back."

[10] We note that plaintiff's citations to the record, both below and on appeal, are wholly insufficient. She cites generally to medical records and other documents, with limited pinpoint citations, and makes cursory statements regarding information in those records. For example, in her brief on appeal, she cites to Dr. Velugubanti's and Dr. Amberg's records generally, and states, "Dr. Velugubanti's records as well as the records from Michigan Health and Spine are littered with references to Plaintiff's injuries and how they stem from the accident." But, she does not point out where the references are located in the records.

[11] Plaintiff's initial psychological evaluation from Dr. Amberg, a licensed clinical psychologist, does state, "The aforementioned symptomatology are said to be caused by or aggravated by a significant motor vehicle accident that occurred on June 3, 2015." However, it is clear that this statement is based on information supplied to the psychologist, rather than his medical opinion that her injuries resulted from the collision.

differences she lists are unsupported by any expert medical opinion confirming their existence or linking them to the collision.[12]

The only evidence plaintiff presented connecting her injuries to the collision were disability certificates restricting her ability to work, which listed June 3, 2015, as the date of the accident, and a medical record from Dr. Max Karl Newman, dated April 22, 2016,[13] which states, "Based upon the complete comprehensive history, the comprehensive single system and multisystem examination, and the extensive data reviewed, the patient demonstrates the following diagnoses: 1) Persistent postconcussion syndrome with occipital headaches and neck pain, complaints of dizziness and memory impairment with affective components of depression and anxiety." But these documents are insufficient to create a material factual dispute regarding the cause of plaintiff's injuries. The disability certificates are standard forms and do not contain clear medical opinion linking the collision to any new injuries suffered by plaintiff or to the exacerbation of her preexisting injuries, and the record from Dr. Newman postdates a second motor vehicle accident that occurred in March 2016, during which plaintiff blacked out and totaled her car. In comparison, after the June 3, 2015 collision, plaintiff refused emergency medical attention from the police, and continued to her scheduled doctor's appointment.

Thus, the trial court erred when it found a question of fact with regard to whether plaintiff suffered injuries as a result of the accident, and defendant is entitled to governmental immunity under MCL 691.1407. As a consequence of this conclusion, we need not consider whether plaintiff suffered serious impairment of body function under the no-fault act from injuries sustained in the collision.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra

---

[12] Plaintiff's assertions are also contradicted by a medical record dated February 16, 2017, attached to defendant's motion for summary disposition, in which Dr. Sophia Grias states that an MRI taken of plaintiff's cervical and lumbar spine, when compared to the MRI from April 17, 2015, "did not appear to show any significant change." Although the record does not indicate when the second MRI was taken, it appears from context that it was administered post-collision.

[13] Plaintiff attached additional records from Dr. Newman to her brief on appeal that she failed to attach below. "This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal." *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002).