On order of the Court, leave to appeal having been granted, and the briefs and oral arguments of the parties having been considered by the Court, we REVERSE the January 17, 2017 judgment of the Court of Appeals and we REINSTATE the September 21, 2015 summary disposition order of the Benzie Circuit Court. The circuit court correctly ruled that the recreational land use act (RUA), MCL 324.73301, applies to this case. That statute provides in relevant part that gross negligence or willful and wanton misconduct by an owner, tenant, or lessee must be shown in order to bring a cause of action "for injuries to a person who is on the land of another without paying to the owner, tenant, or lessee of the land a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use or trail use ...." MCL 324.73301(1). Plaintiff's next friend and daughter injured herself on defendant's beachfront property on Lake Michigan after stepping on hot coals that were the remnants of a beach fire. A witness testified that the girl had been at the beach with a friend, "building sand castles, throwing stones in the water, and splashing around." The issue in this case is whether these activities fall within the RUA's general category of "any other outdoor recreational use[.]"
The Court of Appeals interpreted the RUA using the ejusdem generis canon, which provides that when specific words precede general words in a statute, " 'the meaning of the general words will ordinarily be presumed to be and construed as restricted by the particular designation and as including only things of the same kind, class, character or nature as those specifically enumerated.' " Sands Appliance Servs., Inc v. Wilson , 463 Mich 231, 242, 615 N.W.2d 241 (2000), quoting People v. Brown , 406 Mich 215, 221, 277 N.W.2d 155 (1979). The Court of Appeals then interpreted the RUA's enumerated list to involve activities that require a higher degree of risk and intensity than beach play, which it thus found to be outside the scope of the RUA's general category. Consequently, the Court held that the RUA did not apply and that plaintiff's negligence action could go forward.
We disagree. The activities at issue here fall within the plain meaning of the general phrase "any other outdoor recreational use." They occurred outdoors and were done for refreshment or diversion, and consequently were recreational. See Merriam-Webster's Collegiate Dictionary (11th ed.) (defining "recreation" as, among other things, "a means of refreshment or diversion"). We reject the Court of Appeals' limitations on the scope of the general category fashioned by using the ejusdem generis canon. We do not agree that all of the listed activities involve any particular heightened degree of physical intensity or inherent risk. And even if they did, beach play would be encompassed, as it is at least as intense and risky as "sightseeing" or "fishing," two of the listed activities. Nor do we find any need to define what limitations any other common characteristic of the RUA's enumerated items *266 might impose on the general phrase, because the parties have identified no such characteristic that would limit the scope of the general category in a manner that would exclude beach play. Therefore, because the activities here fit the plain meaning of "any other outdoor recreational use" and are not excluded by any interpretation of the RUA's general provision under the ejusdem generis canon, we conclude that the RUA applies.[1] Accordingly, we reverse the Court of Appeals' decision and reinstate the Benzie Circuit Court's order.
Wilder, J., did not participate because he was on the Court of Appeals panel.

As noted above and by the Court of Appeals, the doctrine of ejusdem generis provides that " 'the meaning of the general words will ordinarily be presumed to be and construed as restricted by the particular designation and as including only things of the same kind, class, character or nature as those specifically enumerated.' " Sands Appliance Servs. , 463 Mich at 242, 615 N.W.2d 241, quoting Brown , 406 Mich at 221, 277 N.W.2d 155. This doctrine is often applied to avoid rendering the list of specific words superfluous. See 2A Singer & Singer, Sutherland Statutory Construction (7th ed), § 47:17 ("If the general words are given their full and natural abstract meaning, they would include the objects designated by the specific words, making the latter superfluous."). While the doctrine may have applicability to a statute, it is nonetheless unnecessary to define the outer parameters of the common class in a given case. See Scalia & Garner, Reading Law: The Interpretation of Legal Texts (St. Paul: Thomson/West, 2012), p 208 (explaining that there are times when it is unnecessary "to identify the genus [i.e., the common class] with specificity in order to decide the case at hand"). Because this case involves beach play, which clearly falls within whatever the proper common class may be among the specifically enumerated land uses, it is unnecessary in this case to define the outer limits of the common class.