*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DOREEN ROTT,

      Plaintiff-Appellant,

v

ARTHUR ROTT,

      Defendant-Appellee.

FOR PUBLICATION
January 21, 2020
9:20 a.m.

No. 347609
Oakland Circuit Court
LC No. 2015-148771-NO

Before: K. F. KELLY, P.J., and BORRELLO and SERVITTO, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court order, entered on remand from this Court[1], granting defendant summary disposition in this action sounding in negligence and premises liability. We affirm.

This case has already been before this Court, and the facts were provided in a previous opinion as follows:

> Plaintiff sustained an injury to her knee after riding defendant's self-installed zip line in his backyard. Plaintiff is defendant's sister, and before the incident, she would visit defendant's home several times a month. Defendant and his neighbor, Gary Kukulka, installed the zip line on defendant's property about a year before the incident; subsequently, defendant repeatedly asked plaintiff to ride the zip line, but she declined because she was "not comfortable" doing so.
>
> On the day of the incident, plaintiff attended a dinner party at defendant's residence. While plaintiff was there, she watched several people ride the zip line and, after some "prodding," plaintiff decided to ride it. Defendant helped plaintiff

---

[1] *Rott v Rott*, unpublished per curiam opinion of the Court of Appeals, issued December 18, 2018 (Docket No. 336240).

put on the zip line harness and attach to the zip line, and Kukulka was at the bottom of the hill to detach her from the zip line. As plaintiff traversed down the zip line, she thought that her feet were too close to the ground as she approached the end. While still in motion, plaintiff believed "the ride was over" so she put her legs down to make contact with the ground, which caused the injury at issue. Plaintiff suffered two meniscal tears in her left knee, which required restorative surgery. [*Rott v Rott*, unpublished per curiam opinion of the Court of Appeals, issued December 18, 2018 (Docket No. 336240), pp 1-2.]

The trial court originally determined that the Recreational Use Act (RUA), MCL 324.73301, applied to this matter, and "[zip lining] in this instance is an outdoor recreational activity as defined in the [RUA] and that Plaintiff's specific purpose for being on the land at the time of the accident, was for the purpose of using the [zip line]." However, the trial court determined that a genuine issue of material fact existed regarding whether defendant's conduct was grossly negligent or willful and wanton misconduct to preclude application of the RUA. Defendant appealed the trial court's denial of his motion for summary disposition, and this Court upheld the denial under MCR 2.116(C)(8), but remanded to the trial court for entry of summary disposition in defendant's favor under MCR 2.116(C)(10) because there was no genuine issue of material fact that defendant's conduct did not amount to gross negligence or willful or wanton misconduct. *Rott*, unpub op at 4-6.

Plaintiff now appeals the order entered on remand granting defendant summary disposition, arguing that the RUA does not apply because she was not on defendant's property for the purpose of zip lining, and because zip lining is not the same kind, class, character, or nature of the activities enumerated in the act. We disagree.

This Court reviews a trial court's ruling on a motion for summary disposition de novo. *Bennett v Russell*, 322 Mich App 638, 642; 913 NW2d 364 (2018).

> A trial court deciding a motion for summary disposition under MCR 2.116(C)(10) considers "the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . ." "Summary disposition is appropriate . . . if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." [*Id.* (footnotes omitted).]

Matters of statutory interpretation are also reviewed de novo. *Barclae v Zarb*, 300 Mich App 455, 466; 834 NW2d 100 (2013). Whether the RUA applies to a given set of facts is a question of law that this Court reviews de novo. *Neal v Wilkes*, 470 Mich 661, 664; 685 NW2d 648 (2004).

The RUA provides, in relevant part:

Except as otherwise provided in this section, a cause of action shall not arise for injuries to a person who is on the land of another without paying to the owner, tenant, or lessee of the land a valuable consideration for the purpose of fishing,

hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use or trail use, with or without permission, against the owner, tenant, or lessee of the land unless the injuries were caused by the gross negligence or willful and wanton misconduct of the owner, tenant, or lessee. [MCL 324.73301(1).]

The RUA "was designed to restrict suits by persons coming upon the property of another for [recreational] purposes, and to declare the limited liability of owners of property within this state." *Ballard v Ypsilanti Twp*, 457 Mich 564, 577; 577 NW2d 890 (1998) (quotation marks and citation omitted). The Michigan Supreme Court characterized the RUA as "a 'liability-limiting' " enactment. *Id*. It reduces the exposure to litigation with the goal of "encourag[ing] landowners to open their property to others for recreation." *Id*.

As an initial matter, defendant argues that this Court already "tacitly approved" of the application of the RUA to these facts in its previous opinion in Docket No. 336240. Indeed, in its previous opinion in this matter, this Court stated:

> Plaintiff accepted the inherent risk associated with riding a self-installed zip line on her brother's property. Absent gross negligence or willful and wanton misconduct on the part of defendant, plaintiff cannot recover for damages resulting from the zip line. [*Rott*, unpub op at 4.]

We determined that defendant's conduct was not grossly negligent or willful or wanton misconduct, and thus that defendant was entitled to summary disposition. *Id*. at 4-5.

The law-of-the-case doctrine provides that, "if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same." *Grievance Administrator v Lopatin*, 462 Mich 235, 259; 612 NW2d 120 (2000) (quotation marks and citation omitted). The doctrine only applies "to issues actually decided, either implicitly or explicitly, in the prior appeal." *Brownlow v McCall Enterprises, Inc*, 315 Mich App 103, 118; 888 NW2d 295 (2016) (quotation marks and citations omitted). This Court implicitly decided that the RUA applied in its previous opinion, and plaintiff's arguments on appeal stemming from whether the RUA applies are therefore subject to the law of the case doctrine. Although this determination resolves plaintiff's arguments on appeal, we will nonetheless briefly address the issues raised.

Plaintiff first argues that the RUA does not apply because she was not on defendant's property "for the purpose" of zip lining, but rather for a family gathering. We disagree.

"The goal of statutory interpretation is to discern and give effect to the intent of the Legislature." *Barclae*, 300 Mich App at 466. The first step in this process is to review the statutory language. *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503, 515; 821 NW2d 117 (2012). "Unless statutorily defined, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used." *Id*. (quotation marks and citations omitted). "If the statutory language is unambiguous, then the Legislature's intent is clear and judicial construction is neither necessary

nor permitted." *Barclae*, 300 Mich App at 466-467. Under the last antecedent rule of statutory construction, "a modifying or restrictive word or clause contained in a statute is confined solely to the immediately preceding clause or last antecedent, unless something in the statute requires a different interpretation." *Hardaway v Wayne Co*, 494 Mich 423, 427; 835 NW2d 336 (2013) (quotation marks and citation omitted).

Plaintiff seemingly argues that the statute should be read so that a cause of action does not arise for injuries to a person who is "on the land of another . . . for the purpose of" the statutorily enumerated activities or any other outdoor recreational use. However, the statute actually reads that a cause of action does not arise for injuries to a person "on the land of another without paying . . . a valuable consideration *for the purpose of*" the enumerated activities or any other outdoor recreational use. MCL 324.73301(1) (emphasis added). Under the plain and unambiguous language of the statute, and the last antecedent rule, the word "for" in the statute modifies "a valuable consideration." *Hardaway*, 494 Mich at 427. Therefore, the statute applies if a person does not pay the owner of the land a valuable consideration for the purpose of the recreational activity. MCL 324.73301(1). Defendant testified that neither he nor his wife collected money from anyone to ride the zip line. A plain reading of the statute does not lend itself to plaintiff's interpretation that the statute requires a person to be on the property for the purpose of the recreational activity for the statute to apply. Plaintiff's assertions that she was harassed by defendant into riding the zip line are irrelevant.

Moreover, the Michigan Supreme Court has expressly rejected plaintiff's argument in this regard:

> Plaintiff argues in the alternative that the RUA does not apply because plaintiff was not on defendant's property for the "purpose" of an outdoor recreational use, but, rather, was on defendant's property for the "purpose" of a social visit. In other words, plaintiff argues that the RUA only applies to individuals who enter upon land with the specific intent of using the land for a specified purpose; it does not apply to individuals who enter the land for some other purpose, such as a social visit, and who, incidentally to this purpose, subsequently use the land for a specified purpose. We disagree. Plaintiff, like the Court in *Wymer*[2], is adding words to the act that simply are not there. The RUA states that an owner of land is not liable for injuries to a person who is "on the [owner's] land" "for the purpose of" a specified activity. Nothing in the act's language limits its application to individuals who *enter* the land for the purpose of a specified activity. Rather, the act clearly applies to individuals who, at the time of the injury, are on the land of another for a specified purpose. One's initial purpose for entering the land is not relevant. [*Neal*, 470 Mich at 670 n 13.]

Thus, although plaintiff's initial purpose for entering defendant's property may have been for a family gathering, the trial court did not err in its determination that plaintiff's "specific purpose for being on the land at the time of the accident, was for the purpose of using the [zip line]."

---

[2] *Wymer v Holmes*, 429 Mich 66; 412 NW2d 213 (1987), overruled by *Neal*, 470 Mich at 667.

Plaintiff also argues that the RUA did not apply to bar her claims because zip lining is not the same kind, class, character, or nature of the enumerated activities within the statute. We disagree.

The *Neal* Court explained what activities are covered under the RUA:

Contrary to the dissent's suggestion, the RUA does not apply to *any* outdoor recreational activity. Rather, it only applies to "fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use . . . ." MCL 324.73301(1). Under the statutory construction doctrine known as [*ejusdem generis*], where a general term follows a series of specific terms, the general term is interpreted "to include only things of the same kind, class, character or nature as those specifically enumerated." Therefore, the language "other outdoor recreational use" must be interpreted to include only those outdoor recreational uses "of the same kind, class, character, or nature," *id*., as "fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, [and] snowmobiling . . . ." MCL 324.73301(1). [*Neal*, 470 Mich at 669 (citations and footnote omitted).]

Plaintiff is correct in her assertion that there is no published caselaw applying the RUA to zip lining. Nonetheless, we conclude that zip lining is of the same kind, class, character or nature of the recreational activities enumerated in the statute. *Neal*, 470 Mich at 669. The Michigan Supreme Court has determined that the RUA applies to "beach play," including " 'building sand castles, throwing stones in the water, and splashing around,' " because such activities "occurred outdoors and were done for refreshment or diversion, and consequently were recreational." *Otto v Inn At Watervale, Inc*, 501 Mich 1044, 1044; 909 NW2d 265 (2018). The Supreme Court rejected this Court's characterization of the enumerated activities involving "any particular heightened degree of physical intensity or inherent risk." *Id*. Riding an all-terrain vehicle (ATV) has also been considered a recreational activity under the act. *Neal*, 470 Mich at 671-672. Therefore, because zip lining fits the plain meaning of "any other outdoor recreational use," and is not excluded by any interpretation of the general provision in the RUA under *ejusdem generis*, the RUA applies. As such, the trial court properly granted defendant summary disposition under MCR 2.116(C)(10).

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello
/s/ Deborah A. Servitto